MICHELLE B. HEVERLY, Bar No. 178660
E-Mail: mheverly@littler.com
TODD K. BOYER, Bar No. 203132
E-Mail: tboyer@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

ORIGINAL
FILED

07 JUL -3 PH 2: 53

RICHARD W. WIEKING
U.S. DISTRICT COURT

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN C. MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCKHEED MARTIN CORPORATION,<br>and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. C07 03480 PVT<br><br>**NOTICE TO FEDERAL COURT<br>OF REMOVAL OF CIVIL ACTION<br>FROM STATE COURT**<br><br>28 U.S.C. §1441(b) Diversity |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation

("Defendant") hereby removes the above-entitled action, Case No. 1-07-CV-087461, from the

Superior Court of the State of California, County of Santa Clara, to the United States District Court

for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

## I.    JURISDICTION

    1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28

U.S.C. § 1332(a)(1). This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil

action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is

between citizens of different states, and no defendant is a citizen of the State of California.

LITTLER MENDELSON<br>A Professional Corporation<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113.2303<br>408.998.4150

## II.    INTRADISTRICT ASSIGNMENT

2.    Venue in the San Jose Division of the District Court is proper because the events giving rise to Plaintiff's claim occurred in Santa Clara County, California.  N.D. Cal. R. 3-2(e).

## III.    GENERAL INFORMATION

3.    On June 7, 2007, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled SUSAN C. MORALES v. LOCKHEED MARTIN CORPORATION, designated as Case No. 1-07-CV-087461, hereinafter the "Complaint."

4.    In the Complaint, Plaintiff alleges that Defendant, among other things, breached an implied employment agreement and the covenant of good faith and fair dealing, discriminated against her on the basis of her disability, failed to provide her reasonable accommodation, wrongfully terminated her against public policy, violated the California Family Rights Act "CFRA," unlawfully retaliated against her by terminating her employment and failed to provide her with compensation due at the time of her termination.  A true and correct copy of the Summons and Complaint from the Santa Clara County Superior Court is attached hereto as Exhibit "A."

5.    Pursuant to Defendant's counsel's agreement to accept service of Plaintiff's Complaint on behalf of Lockheed Martin Corporation, and on June 7, 2007, Plaintiff's counsel mailed, along with the Summons and Complaint, a Notice and Acknowledgment of Receipt, which was signed by Defendant's counsel on June 25, 2007, and returned to Plaintiff's counsel.  A true and correct copy of the signed Notice and Acknowledgment of Receipt is attached hereto as Exhibit "B."

6.    On July 2, 2007, Defendant Lockheed Martin Corporation filed a General Denial to Plaintiff's Complaint pursuant to California Code of Civil Procedure section 431.30 in the Santa Clara County Superior Court.  A true and correct copy of Defendant's General Denial to Plaintiff's Complaint is attached hereto as Exhibit "C."

7.    There is no other defendant, other than Lockheed Martin Corporation, named in the Complaint.

8.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of June 25, 2007, the date Defendant accepted service of Plaintiff's Complaint.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:82727188.1 051728.1003          2.          Morales v. Lockheed Martin Corporation
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from

2  the date served with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp.

3  2d 1223, 1229 (C.D. Cal. 2000) (same).

4      9.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b)

5  because it is a civil action over which this Court has original jurisdiction based on diversity of

6  citizenship pursuant to 28 U.S.C. § 1332(a).  This case is a civil action between citizens of different

7  states and it is obvious from the face of the Complaint that Plaintiff seeks more than $75,000 in

8  damages, exclusive of interest and costs.

9  **IV.   DIVERSITY**

10      10.  Diversity grounds for removal exist based upon the following:

11      a.  Defendant is informed and believes that Plaintiff was, at the time of

12  commencing this action, and still is, a citizen of Santa Clara County, California.

13      b.  At the time this action was commenced in state court, Defendant was,

14  and still is, a corporation organized under the laws of the State of Maryland and maintaining its

15  principal place of business in the State of Maryland.  Thus, Defendant is not a citizen of the State of

16  California. 28 U.S.C. § 1332 (c)(1).

17      c.  Defendants designated as DOES 1 through 25 are fictitious defendants,

18  are not parties to this action, have not been named or served, and are to be disregarded for the

19  purpose of this removal.  28 U.S.C. § 1441(a).  McCabe v. General Foods Corp., 811 F.2d 1336,

20  1339 (9th Cir. 1987).  The Doe defendants, therefore, need not consent to this removal.

21      11.  No other party has been named or has been served as of the date of this removal.

22  **V.   AMOUNT IN CONTROVERSY**

23      12.  In order to satisfy the $75,000 amount in controversy requirement, the removing

24  party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000.

25  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

26      13.  The District Court may consider whether it is facially apparent from the

27  Complaint that the jurisdictional amount is met.  Singer v. State Farm Mutual Auto Ins. Co., 116

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

FIRMWIDE:82727188.1 051728.1003    3.    Morales v. Lockheed Martin Corporation
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp.

2  1196, 1198 (N.D. Cal. 1998).

3        14.   In the present case, Plaintiff's Complaint seeks monetary damages, lost back and

4  front wages, together with prejudgment interest, and punitive damages.   At the time of the

5  termination of her employment in 2006, Plaintiff's annual wage rate was approximately $65,000.

6  The aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in controversy

7  requirement.  Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d

8  59, 62 (2d Cir. 1999); See Bank of California v. Twin Harbors Lumber Co., 465 F.2d 489, 491 (9th

9  Cir. 1972).

10       15.   Plaintiff has also plead a claim for attorneys' fees under the California Fair

11 Employment and Housing Act "FEHA."   Attorney fees recoverable by statute or contract are

12 properly included in the amount in controversy.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150,

13 1156 (9th Cir. 1998).  Prevailing plaintiffs asserting claims for discrimination under the FEHA may

14 recover attorney fees.   See Cal. Gov't. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032;

15 1033.5(a)(10).

16       16.   In addition to compensatory damages and attorneys' fees, punitive damages

17 are also properly included in computing the jurisdictional amount.  Gibson v. Chrysler Corp., 261

18 F.3d 927, 945 (9th Cir. 2001).  A removing defendant may demonstrate that it is "facially apparent"

19 from the complaint that the claims likely exceed $75,000, by showing that punitive damages have

20 been plead.  In White v. FCI USA, Inc., 319 F.3d 672, 675-676 (5th Cir. 2003), the Court held that it

21 was facially apparent that plaintiff's wrongful termination claim exceeded the $75,000 amount in

22 controversy jurisdictional requirement based on her "lengthy list of compensatory and punitive

23 damages" which included a claim for loss of pay, benefits, impaired future earning capacity, harm to

24 credit and emotional distress.

25       17.   In this matter, Plaintiff has pleaded claims for punitive damages in paragraphs

26 73, 83, 93, 108, and 117.  Plaintiff has also plead a claim for emotional distress damages and lost

27 wages which were earned at the annual rate of over $65,000.  Attorney fees recoverable by statute or

28 contract are properly included in the amount in controversy.  See Galt G/S v. JSS Scandinavia, 142

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

FIRMWIDE:82727188.1 051728.1003          4.          Morales v. Lockheed Martin Corporation
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

F.3d 1150, 1156 (9th Cir. 1998). Prevailing plaintiffs asserting claims for discrimination under the FEHA may recover attorney fees. See Cal. Gov't. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032, 1033.5(a)(10).

18. Accordingly, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F. Supp.2d 986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, nothing that since plaintiff had pleaded contract and tort damages, along with punitive damages, the Complaint exceeded the $75,000 amount in controversy requirement).

19. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

20. All pleadings, process, or orders received by Defendant in the case are attached hereto. Defendant has received no other process pleadings or orders other than those attached.

Dated:   July 3, 2007

MICHELLE B. HEVERLY
TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:82727188.1 051728.1003                    5.                    Morales v. Lockheed Martin Corporation
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# EXHIBIT A

JUN-07-2007 12:41 From:BOHBOT & RILES, LLP  5102738911              To:+4        COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOCKHEED MARTIN CORPORATION, and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
SUSAN C. MORALES

(ENDORSED)
FILED

2007 JUN -7 PM 3: 35

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY
L. QUACH-MAROSA, DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER: (Número del Caso): |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>Unlimited Jurisdiction<br>191 N. First Street             San Jose, CA  95113 | 07CV087461 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Karine Bohbot, Esq.              BOHBOT & RILES, LLP
2201 Broadway, Suite 823         Oakland, CA 94607
(510) 273-3111                                                    L. QUACH-MAROSA

DATE:
*(Fecha)*    JUN -4 2007        Clerk, by  _____, Deputy
                               *(Secretario)*    KIRI TORRE    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

BY FAX

P.05

JUN / 7 / 2007 16:36          Fax:1-408-885-9701          RAPID LEGAL SAN JOSE

JUN-07-2007 12:42 From:BOHBOT & RILES, LLP 5102738911    To:Fax

COPY

(ENDORSED)
FILED

2007 JUN -7 PH 3: 35

CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY _____
L. QUACH-MARCELLANA

1  Karine Bohbot, Esq. (197298)
   BOHBOT & RILES, LLP
2  2201 Broadway, OAKLAND, CA 94612
   Suite 823
3  (510) 273-3111
   (510) 273-8911
4
   Attorney for Plaintiff
5      Susan C. Morales

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SANTA CLARA

10               UNLIMITED JURISDICTION

11

12  SUSAN C. MORALES                )   Case No.:  107CV087461
                                    )
13        Plaintiff,                )
                                    )
14  -vs.-                           )   COMPLAINT FOR DAMAGES
                                    )
15  LOCKHEED MARTIN CORPORATION, and)
    DOES 1 through 25, inclusive    )
16                                  )
                                    )
17        Defendants                )
                                    )
18  _____)

19

20                   COMMON ALLEGATIONS

21      1.      Plaintiff SUSAN C. MORALES (hereinafter "Plaintiff") at all times mentioned

22  herein was a resident of the State of California.  All agreements, whether written or otherwise,

23  entered into and alleged herein between Plaintiff and named Defendants were entered into within

24  the boundaries of the State of California and in the County of Santa Clara.

25      2.      LOCKHEED MARTIN CORPORATION (hereinafter Defendant or "Lockheed

26  Martin") is a business entity the form of which is unknown.  Upon information and belief,

27  Plaintiff alleges that Lockheed Martin is a corporation duly organized and existing under and by

28

                                    1
                         COMPLAINT FOR DAMAGES

1  virtue of the laws of the State of California, with its principal place of business in the County of

2  Santa Clara, California.

3      3.      Plaintiff was an employee of Defendant at the times when the actions alleged

4  herein occurred, unless otherwise alleged.  The wrongful acts alleged herein occurred in Santa

5  Clara and other locations.

6      4.      Defendant is sued individually and as the agent and/or employee of every other

7  Defendant acting within the course and scope of said agency and/or employment, with the

8  knowledge and/or consent of the other co-Defendants, and each of them.  Plaintiff alleges that

9  Defendant is liable to Plaintiff for the acts of DOES One through Twenty-five, all supervisory

10  employees and each of them, under the legal doctrine of *respondeat superior*.

11      5.      Plaintiff sues fictitious Defendants DOES One through Twenty-five, inclusive,

12  and each of them, pursuant to California Code of Civil Procedure Section 474, because their

13  names and/or capacities and/or facts showing them to be liable to Plaintiff are not presently

14  known.  Plaintiff will seek leave to amend this complaint to reflect the true names and capacities

15  of such fictitious Defendants when they become known to her.

16                      **FACTUAL BACKGROUND**

17      6.      Plaintiff began her employment with Defendant on September 17, 1974.  At the

18  time she began her employment with Defendant, Plaintiff was approximately 20 years of age.

19  Plaintiff remained employed with Defendant for over 32 years, until September 5, 2006 when

20  she was apparently terminated for failure to return from medical leave of absence prior to

21  expiration of her permitted time off.  Plaintiff spent the entirety of her working life employed by

22  Defendant.

23      7.      At the time of her termination, Plaintiff held the position of Computer Operator

24  Specialist.

25      8.      Throughout her tenure with Defendant, Plaintiff was praised and commended for

26  her exceptional performance.  As a long term employee, Plaintiff was valued for her experience

27  and expertise and relied upon by Defendant.  In fact, Plaintiff's uncle was the President of

28

1  Lockheed Missile and Space, before the company merged with Lockheed Martin, and was the

2  President from 1962 to 1972. Numerous members of Plaintiff's family have also worked or are

3  employed by Defendant.

4       9.      Plaintiff understood and was led to believe that she would continue being

5  employed by Defendant until her retirement.  As Plaintiff had continued to provide loyalty,

6  dedication and service to Defendant for 32 years, Plaintiff had no reason to believe that

7  Defendant would terminate her for any reasons other than for good cause and not treat Plaintiff

8  fairly in her employment.

9       10.     Then, in August 2005, Plaintiff suffered from a diabetic ulcer to the bottom of her

10  left foot that required Plaintiff to take a leave of absence.

11      11.      Plaintiff understood and was led to believe that said leave was covered under the

12  FMLA/CFRA and that her position would be protected.

13      12.      Throughout her leave, Plaintiff kept Defendant informed of her status and of her

14  anticipated return date.  Defendant, on the other hand, did not provide Plaintiff with much notice

15  of her status or keep her posted as to her eligibility for her leave.  Nonetheless, Plaintiff

16  understood and believed that she was protected by FMLA/CFRA for this leave.

17      13.      On January 25, 2006, Defendant sent Plaintiff a letter indicating that she might be

18  eligible for long term disability options with an April 1, 2006 deadline by which to respond and

19  apparently elect either Extended Medical Leave (EML) or termination with an approved

20  disability.  Yet, as Plaintiff was on paid FMLA/CFRA leave and her return date was February

21  21, 2006, less than the 26 weeks provided for by these options, Plaintiff did not believe these

22  options applied to her and thus did not respond.

23      14.      Plaintiff returned to work on or about February 21, 2006.

24      15.      Unfortunately, three (3) days after her return, Plaintiff was required to return to

25  the emergency room due to an infection in her foot.

26

27

28

COMPLAINT FOR DAMAGES

16.    Plaintiff was required to take further leave as a result of this medical condition/disability.  Unfortunately, the condition resulted in required amputation to one of her toes.

17.    Defendant initially communicated with Plaintiff in January 2006 informing her of her leave options.  Lockheed's policies make it clear that Short Term Disability Leave ("STDL") and Extended Medical Leave ("EML") are two different types of leave provided by Lockheed that do not run concurrently (as STDL and FMLSA/CFRA do).

18.    In Plaintiff's case, she understood that she had taken her FMLA/CFRA time and thought she had also taken STDL.  The correspondence of January 2006 indicated to Plaintiff that she had the *option* of selecting EML.

19.    Then on February 27, 2006, Defendant sent Plaintiff another letter informing her that she had been or "would be" put on STDL because she had run out of FMLA leave.

20.    The February 27, 2006 letter *did* indicate that Plaintiff would be entitled to 26 weeks of STDL protection.  The letter further pointed out that Plaintiff might be eligible for unpaid Personal Leave of Absence for up to one year.

21.    At the time of the February 27, 2006 letter, Plaintiff was unaware of how much medical leave she might still require.  Nonetheless, Plaintiff filed the appropriate paperwork to obtain STDL and believes she was approved for said leave as a letter from Defendant dated March 8, 2006 appeared to reflect that she was "currently" on STDL.

22.    A follow up letter of March 8, 2006 then informed Plaintiff that she was *on* STDL as of that date. Yet it appears she was placed on EML at some point, although that time is unclear.

23.    In fact, the March 8, 2006 letter does not indicate how much STDL time she was eligible for.  It simply informed that might also have additional options for taking further medical leave if required.

24.    The letter also indicated that the Lockheed Martin Employee Service Center would be in contact with her manager to provide instruction based on her leave status.

25.    As such, Plaintiff understood and was led to believe that Defendant and her manager would be aware of how much leave Plaintiff had taken, how much leave Plaintiff still had and thus be able to maintain contact with Plaintiff and provide her with the information she required in connection with her leave and her right to return to work.

26.    In response to the March 8, 2006 letter, Plaintiff completed a Disability Questionnaire and a Disclosure Authorization for Defendant to evaluate the extent of Plaintiff's disability and thus need for further leave.

27.    Plaintiff then received a letter from Intracorp, on behalf of Lockheed Martin, dated March 30, 2006, regarding her medical coverage while on leave.

28.    The letter initially indicated that Plaintiff had a Long Term Disability claim, which statement was incorrect and confused Plaintiff.  Plaintiff expressed her confusion and concern that she did not have LTD in a follow up letter sent on April 1, 2006 indicating that she needed to ensure that she be placed in EML status by Defendant.  Clearly, Plaintiff herself was confused in April 2006 of her status and no information from Defendant clarified her status for her.

29.    Defendant never again contacted Plaintiff to inform her of her status and of how long remained on her approved leave.  In fact, Plaintiff continued to be unsure of what leave she was on.

30.    The only correspondence from Defendant Plaintiff did receive informed Plaintiff that Defendant would stay in contact with Plaintiff about her status.  Defendant clearly failed to do so.

31.    Defendant also appears to have a policy of permitting employees to use vacation time between paid and unpaid leave.  That option was neither raised nor discussed with Plaintiff.

32.    Nonetheless, Plaintiff regularly forwarded medical verifications and updates to Defendant to keep them informed of her status and anticipated return date, as required by Defendant.

33.    Additionally, Plaintiff communicated with her manager, among others, both via telephone and e-mail on a regular basis to keep them apprised of her situation.

34.    At no time during any conversation or e-mail communications Plaintiff had with employees of Defendant did any of them indicate to Plaintiff that her leave time was running out or what her deadline for returning to work would be.

35.    Instead, Plaintiff continued to understand and believe that she was still protected under some leave option granted by Defendant.

36.    As of July 28, 2006, Plaintiff had been scheduled to return to work on October 1, 2006 by her doctors.

37.    Then, on August 3, 2006, Plaintiff sadly received a diagnosis of cancer.

38.    Thankfully, Plaintiff was able to have surgery to remove the cancer, which she did on August 7, 2006.

39.    In fact, following the surgery, Plaintiff's doctor had scheduled Plaintiff to return to work, with no restrictions, on September 25, 2006.

40.    That decision was changed when her doctor diagnosed Plaintiff with a bone infection in her middle toe and antibiotics in an effort to save the toe.

41.    Plaintiff was finally informed, on August 30, 2006, that she would be released to return to work, with no restrictions, on October 3, 2006.

42.    Plaintiff provided all documents confirming these events and dates to Defendant. As such, as of approximately August 30, 2006, Defendant was aware that Plaintiff's return date was October 3, 2006.

43.    Yet, once again, at no time did Defendant contact Plaintiff to inform her that her return date was somehow an issue.

44.    Plaintiff understood, though, that she would have to "reapply" for her position upon her return due to the type of leave she had been granted, but understood that she would in essence have some priority and be considered an internal candidate.

COMPLAINT FOR DAMAGES

45.    On September 5, 2006, Plaintiff, along with numerous other employees of Defendant, received an e-mail indicating that two open positions for Computer Operations were open.

46.    As this was essentially the position she had held for 16 years, Plaintiff promptly and immediately submitted her resume to the appropriate department.  Plaintiff did so on September 5, 2006, which Human Resources initially confirmed receipt of.  Plaintiff then submitted her medical release from on September 13, 2006, which indicated that her release date would be October 3, 2006.

47.    Plaintiff also contacted her manager on September 13, 2006 inquiring as to the status of the positions and her resume as she had yet to hear back on this issue.  Plaintiff further expressed her need to return to work as being off work was a financial hardship for her and her husband.

48.    Plaintiff received a response from her manager indicating that Human Resources had not received her application for the position.

49.    As such, Plaintiff resubmitted her application, which Human Resources confirmed was received on September 13, 2006.  Plaintiff then forwarded, once again her return to work authorization to all relevant individuals to ensure that all required paperwork for her to return to work were appropriately and timely provided to Defendant.  This document had to be resubmitted once more on September 18, 2006 as Plaintiff was informed on September 15, 2006 via telephone by Swanee Rickard, medical department supervisor, that the fax could not be read.

50.    Plaintiff continued to contact management to determine when she might be interviewed for the position.  Plaintiff sent e-mails on September 17, 2006 and September 21, 2006.

51.    At not time during these exchanges was Plaintiff ever informed that she had been terminated or that her leave had expired.

52.    In fact, the only communication Plaintiff received from Defendant regarding her return date was on September 21, 2006, when Plaintiff received a call from Defendant indicating

1  that all of Plaintiff's paperwork had been received and that she was cleared to return to work on

2  October 3, 2006.

3       53.     Then, on that same day, Plaintiff was informed that the position for which she had

4  applied was filled "internally" and that Plaintiff had been considered an "external" candidate.  As

5  such, Plaintiff was informed that she had not been considered or selected for the position she had

6  done for 16 years.

7       54.     Plaintiff was shocked and upset.

8       55.     Thereafter, on September 28, 2006, Plaintiff was contacted by her manager and

9  informed, for the first time, that she had been terminated on *September 5, 2006,* over two weeks

10  prior, as her leave had expired on that date.

11       56.     Plaintiff's manager also informed her that she was not interviewed for the position

12  she had applied for because she was still on medical leave and not cleared until October 3, 2006,

13  allegedly making it inappropriate for Human Resources or management to interview Plaintiff for

14  the position.  This made no sense to Plaintiff as she had been informed the decision to terminate

15  her had been on September 5, 2006 and yet she had been asked to provide her resume and

16  doctor's notes after that date.

17       57.     Not so surprisingly, Plaintiff was shocked and dismayed that not only had she

18  been fired, but that at no time had Defendant informed Plaintiff that she was in jeopardy of being

19  terminated, that she had run out of leave, and that she could not be interviewed in the first place

20  (although Plaintiff had been told another reason for not having been selected or interviewed for

21  the position).

22       58.     After 32 years of employment, Plaintiff was an emotional wreck over Defendant's

23  treatment and termination of Plaintiff and her employment.

24       59.     Plaintiff tried to contact corporate to talk to someone about her termination, to no

25  avail.

26       60.     Instead, on October 18, 2006, Plaintiff was contacted by Julie Raimondi,

27  Administrator, who requested that Plaintiff turn in her badge.  When Plaintiff asked why she had

28

been terminated and why she had never been provided notice of her leave expiring, among other things, Ms. Raimondi simply stated that it was "corporate policy" to terminate an employee after 26 weeks of Extended Medical Leave and that an explanation of the timelines for said leave rights were detailed in the FMLA/CFRA papers Plaintiff had received, back in *March* 2006.

61.    When Plaintiff tried to persist and again asked why no notice was provided to her regarding her apparent impending termination, Ms. Raimondi had no response.

62.    Plaintiff's termination was unjust and a clear violation of law.

63.    In fact, in allegedly terminating Plaintiff on September 5, 2006, Defendant failed to pay Plaintiff her last wages as required by the California Labor Code.  Plaintiff received her final paycheck on October 6, 2006, almost one month after having allegedly been terminated.

64.    Plaintiff has exhausted her administrative remedies in that Plaintiff has filed a claim with the DFEH and has obtained a right-to-sue letter from the DFEH.

### FIRST CAUSE OF ACTION:
### UNLAWFUL DISCRIMINATION-
### BASED ON DISABILITY

### (AGAINST DEFENDANT; and
### DOES One through Ten, inclusive)
### (Calif. Fair Employment & Housing Act)

65.    Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs One through Sixty-four, inclusive, of this Complaint above as fully as though set forth at length herein.

66.    At all times herein mentioned Government Code Section 12900 *et seq.* was in full force and effect and binding upon Defendant.  Said statute, among others, requires Defendant to refrain from discriminating against any employee on the basis of disability, or perceived disability, among other things.

67.    Plaintiff is informed and believes and thereon alleges that owing to her disability, perceived disability, medical condition and/or other impermissible criteria, Defendant, treated Plaintiff detrimentally including, but not limited to, the following: failure to abide by

Defendant's employment agreement with Plaintiff; failing to provide benefits of employment and other compensation as alleged above; depriving Plaintiff of the rewards of her work and other related benefits of employment; failing to accommodate Plaintiff's requests for a CFRA and other related medical leave; failure to reasonably accommodate Plaintiff's medical conditions by terminating Plaintiff for taking leave; failing to protect Plaintiff from retaliation by her superiors for her requests and need for accommodation; failing to reinstate Plaintiff; terminating Plaintiff's employment without good cause and/or for pretextual reasons, among other acts or failures to act.

68.     Defendant's stated reasons for terminating Plaintiff, if any, are false and are pretexts for unlawful discrimination and retaliation and thus not credible.

69.     These actions by Defendant constitute outrageous and unlawful conduct and discrimination under the laws of the State of California and unlawful, outrageous retaliatory conduct for complaints of discrimination; such outrageous unlawful discrimination and retaliation by Defendant, and was a substantial factor in causing damage and injury to Plaintiff.

70.     Pursuant to Government Code Section 12965(b) Plaintiff requests the award of reasonable attorneys' fees against Defendant.

71.     Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition of liability to be imposed on Defendant. Should other employees be found to have participated in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability against those employees on the same basis.

72.     As a direct and consequential result of the herein alleged actions and/or failures to act by Defendant, and each of them, Plaintiff has suffered emotional damages of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, according to proof at trial.

73.     Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendant and/or managerial agents of Defendant in whom

1   Plaintiff placed her justified and good faith trust, and because said Defendants acted in a

2   deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to

3   injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff

4   requests the assessment of punitive damages against Defendants, and each of them, in an amount

5   deemed proper by this court.

6       74.    As a direct and consequential result of the acts of Defendant, Plaintiff has suffered

7   and continues to suffer general damages and special damages, including loss of front pay and

8   benefits and back pay and benefits as shall be proved at trial.

9       WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully

10  set forth below.

11

12

13                        **SECOND CAUSE OF ACTION:**
                           **VIOLATION OF FEHA FOR**
14          **REFUSAL TO PROVIDE REASONABLE ACCOMMODATION**

15                       **(AGAINST DEFENDANTS; and**
                          **DOES One through Fifteen, inclusive)**
16                      **(Calif. Fair Employment & Housing Act)**

17      75.    Plaintiff incorporates by this reference each and all of the allegations contained in
18
     paragraphs One through Seventy-four inclusive, of this Complaint above as fully as though set
19
     forth at length herein.
20
        76.    At all times herein mentioned Government Code Section 12900 *et seq*. was in full
21
     force and effect and binding upon Defendants.  Said statute, among others, requires Defendant to
22
     refrain from refusing to provide employees with reasonable accommodation for their medical
23
     disability, perceived disability, or medical condition, for discriminatory or retaliatory reasons,
24
     among other things.
25
        77.    Plaintiff is informed and believes and thereon alleges that owing to her medical
26
     condition, disability, and need for medical leave, and/or other impermissible criteria, Defendant
27
     treated Plaintiff detrimentally including, but not limited to, the following: refusing Plaintiff
28

COMPLAINT FOR DAMAGES

1  reasonable accommodations to continue her employment, as required by law; failing to properly

2  advise Plaintiff of her rights under relevant regulations and laws relating to medical leave and

3  failing to provide proper notice to Plaintiff to ensure that Plaintiff did not unfairly and

4  unjustifiably lose her long term, permanent position with Defendant; failing to provide benefits

5  of employment and other compensation as alleged above; failing to follow established and

6  agreed upon policies of Defendant; depriving Plaintiff of the rewards of her work and other

7  related benefits of employment; failing to protect Plaintiff from retaliation by her superiors for

8  her need to take time off or to have reasonable accommodations for her medical condition;

9  failing to reinstate Plaintiff; terminating Plaintiff's employment for taking medical leave, without

10  good cause and/or for pretextual reasons, among other acts or failures to act.

11      78.    Defendant's stated reasons for terminating Plaintiff, if any, are false and are

12  pretexts for unlawful discrimination and retaliation and thus not credible.

13      79.    These actions by Defendants constitute outrageous and unlawful conduct and

14  discrimination under the laws of the State of California and unlawful, outrageous retaliatory

15  conduct for complaints of discrimination; such outrageous unlawful discrimination and

16  retaliation by Defendants, and each of them, was a substantial factor in causing damage and

17  injury to Plaintiff.

18      80.    Pursuant to Government Code Section 12965(b) Plaintiff requests the award of

19  reasonable attorneys' fees against Defendants.

20      81.    Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition

21  of liability to be imposed on Defendant.  Should other employees be found to have participated

22  in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability

23  against those employees on the same basis.

24      82.    As a direct and consequential result of the herein alleged actions and/or failures to

25  act by Defendant, and each of them, Plaintiff has suffered emotional damages of the type, nature

26  and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein,

27  including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and

28

1  uncertainty, according to proof at trial.

2    83.    Because the above described words and actions, among others, were spoken or

3  carried out and/or ratified by Defendant and/or managerial agents of Defendant in whom

4  Plaintiff placed her justified and good faith trust, and because said Defendant acted in a

5  deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to

6  injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff

7  requests the assessment of punitive damages against Defendant in an amount deemed proper by

8  this court.

9    84.    As a direct and consequential result of the acts of Defendant, Plaintiff has suffered

10  and continues to suffer general damages and special damages, including loss of front pay and

11  benefits and back pay and benefits as shall be proved at trial.

12    WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully

13  set forth below.

14  ### THIRD CAUSE OF ACTION:
## VIOLATION OF FEHA FOR
15  ## REFUSAL TO REINSTATE

16  ### (AGAINST DEFENDANTS; and
### DOES One through Fifteen, inclusive)
17  ### (Calif. Fair Employment & Housing Act)

18
19    85.    Plaintiff incorporates by this reference each and all of the allegations contained in

20  paragraphs One through Eighty-four inclusive, of this Complaint above as fully as though set

forth at length herein.

21
22    86.    At all times herein mentioned Government Code Section 12900 *et seq.* was in full

23  force and effect and binding upon Defendants.  Said statute, among others, requires Defendant to

refrain from refusing to reinstate employees due to their medical disability, perceived disability,

24  medical condition, or need for reasonable accommodations, among other things.

25    87.    Plaintiff is informed and believes and thereon alleges that owing to her medical

26
27  condition, disability, and need for medical leave, and/or other impermissible criteria, Defendant

28  treated Plaintiff detrimentally including, but not limited to, the following: refusing Plaintiff

1  reasonable accommodations to continue her employment, as required by law; failing to properly

2  advise Plaintiff of her rights under relevant regulations and laws relating to medical leave and

3  failing to provide proper notice to Plaintiff to ensure that Plaintiff did not unfairly and

4  unjustifiably lose her long term, permanent position with Defendant; failing to provide benefits

5  of employment and other compensation as alleged above; failing to follow established and

6  agreed upon policies of Defendant; depriving Plaintiff of the rewards of her work and other

7  related benefits of employment; failure to protect Plaintiff from retaliation by her superiors for

8  her need to take time off or to have reasonable accommodations for her medical condition;

9  failing to reinstate Plaintiff; terminating Plaintiff's employment for taking medical leave, without

10  good cause and/or for pretextual reasons, among other acts or failures to act.

11      88.    Defendant's stated reasons for terminating Plaintiff, if any, are false and are

12  pretexts for unlawful discrimination and retaliation and thus not credible.

13      89.    These actions by Defendants constitute outrageous and unlawful conduct and

14  discrimination under the laws of the State of California and unlawful, outrageous retaliatory

15  conduct for complaints of discrimination; such outrageous unlawful discrimination and

16  retaliation by Defendants, and each of them, was a substantial factor in causing damage and

17  injury to Plaintiff.

18      90.    Pursuant to Government Code Section 12965(b) Plaintiff requests the award of

19  reasonable attorneys' fees against Defendants.

20      91.    Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition

21  of liability to be imposed on Defendant.  Should other employees be found to have participated

22  in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability

23  against those employees on the same basis.

24      92.    As a direct and consequential result of the herein alleged actions and/or failures to

25  act by Defendant, and each of them, Plaintiff has suffered emotional damages of the type, nature

26  and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein,

27  including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and

28

---

14

COMPLAINT FOR DAMAGES

1  uncertainty, according to proof at trial.

2       93.      Because the above described words and actions, among others, were spoken or

3  carried out and/or ratified by Defendant and/or managerial agents of Defendant in whom

4  Plaintiff placed her justified and good faith trust, and because said Defendant acted in a

5  deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to

6  injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff

7  requests the assessment of punitive damages against Defendant in an amount deemed proper by

8  this court.

9       94.      As a direct and consequential result of the acts of Defendant, Plaintiff has suffered

10 and continues to suffer general damages and special damages, including loss of front pay and

11 benefits and back pay and benefits as shall be proved at trial.

12      WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully

13 set forth below.

14

15            **FOURTH CAUSE OF ACTION**
16      **WRONGFUL TERMINATION AS AGAINST PUBLIC POLICY**

17            **(AGAINST DEFENDANTS; and**
            **DOES One through Twenty, inclusive)**

18

19      95.      Plaintiff incorporates by this reference each and all of the allegations contained in

20 paragraphs One through Ninety-four, inclusive, of this Complaint above as fully as though set

21 forth at length herein.

22      96.      As alleged hereinabove, Defendant terminated the employment of Plaintiff

23 because of her medical condition, perceived disability, and/or disability and in retaliation for

24 requesting and needing reasonable accommodations.  The termination of Plaintiff's employment

25 for these reasons is in violation of the express public policy of the State of California, including,

26 among others, FEHA, among other regulations, laws, and statutes.  As such, said termination

27 constitutes a wrongful termination of Plaintiff's employment.

28

97.    As a direct and consequential result of the herein alleged actions and/or failures to act by Defendant, Plaintiff has suffered emotional damages of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, according to proof at trial.

98.    As a direct result of said termination, Plaintiff suffered damages as alleged hereinabove, according to proof, and he is entitled to all tort remedies available at law, including punitive damages, because said termination was willful, and done with the intent of causing, and in fact causing, Plaintiff to suffer serious harm.

99.    Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendant and/or managerial agents of Defendant, in whom Plaintiff placed her justified and good faith trust; and because said Defendant acted in a deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to injure and damage the Plaintiff and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendant, and each of them, in an amount deemed proper by this court.

WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully set forth below.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT

### (AGAINST DEFENDANTS; and
### DOES One through Twenty, inclusive)
### (Calif. Fair Employment & Housing Act)

100.    Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs One through Ninety-nine, inclusive, of this Complaint above as fully as though set forth at length herein.

101.    While in Defendant's employment, Plaintiff requested family and medical leave/CFRA based upon the need to care for Plaintiff's own serious health condition.

102.    Defendant violated Plaintiff's rights to medical leave as provided by the
California Family Rights Act ("CFRA"), Government Code Section 12945.2, *et seq*.  Plaintiff
was afforded leave under the leave policy of the company, yet Defendant retaliated against her
for taking such leave and terminated her employment in violation of the CFRA.  Defendant
further refused to reinstate Plaintiff.

103.    Defendant's stated legitimate business reasons for so treating Plaintiff, if any, are
pretexts and thus not credible and as such are false.

104.    Pursuant to Government Code Section 12965(b) Plaintiff requests the award of
reasonable attorneys' fees against Defendants, and each of them.

105.    Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition
of liability to be imposed on Defendants, and each of them.  Should other employees be found to
have participated in the unlawful discrimination, Plaintiff reserves the right to request the
imposition of liability against those employees on the same basis.

106.    As a direct and consequential result of the acts of defendants, and each of them,
plaintiff has suffered and continues to suffer general damages and special damages, including
loss of front pay and benefits and back pay and other employment benefits as shall be proved
more fully at trial.

107.    As a direct and consequential result of the herein alleged actions and/or failures to
act by Defendants, and each of them, Plaintiff has suffered injury to her mental and emotional
well-being, including, fear, anxiety, depression, pain, humiliation, anger, despair,
embarrassment, and uncertainty, all of the type, nature and extent ordinarily associated with the
wrongful conduct alleged against the Defendants herein, the precise amount of which will be
proven at trial.

108.    Because the above described actions, among others, were carried out and/or
ratified by Defendants' managerial agents in whom plaintiff placed her justified good faith trust,
and because said defendants acted in a deliberate, malicious, cold, callous, deceptive, oppressive
and intentional manner in order to injure and damage the plaintiff and/or with disregard for

1  plaintiff's rights, plaintiff seeks the assessment of punitive damages against defendants, and each

2  of them, in an amount deemed proper by this court.

3          WHEREFORE, Plaintiff prays judgment against the Defendants, and each of

4  them, as fully set forth below.

### SIXTH CAUSE OF ACTION:
### UNLAWFUL RETALIATION

**(AGAINST DEFENDANTS; and
DOES One through Twenty-five, inclusive)**
(Calif. Fair Employment & Housing Act)

9          109.    Plaintiff incorporates by this reference each and all of the allegations contained in

10  paragraphs One through One Hundred-eight, inclusive, of this Complaint above as fully as

11  though set forth at length herein.

12          110.    At all times herein mentioned Government Code Section 12900 *et seq.* was in full

13  force and effect and binding upon Defendant and each of them.  Said statute, among others,

14  requires Defendant to refrain from retaliating against Plaintiff because of her medical condition

15  and need for medical leave, as protected under the Government Code Section 12900 *et seq.*,

16  among other things.

17          111.    Plaintiff is informed and believes and thereon alleges that owing to her medical

18  condition, disability, and need for medical leave, and/or other impermissible criteria, Defendant

19  treated Plaintiff detrimentally including, but not limited to, the following: refusing Plaintiff

20  reasonable accommodations to continue her employment, as required by law; failing to properly

21  advise Plaintiff of her rights under relevant regulations and laws relating to medical leave and

22  failing to provide proper notice to Plaintiff to ensure that Plaintiff did not unfairly and

23  unjustifiably lose her long term, permanent position with Defendant; failing to provide benefits

24  of employment and other compensation as alleged above; failing to follow established and

25  agreed upon policies of Defendant; depriving Plaintiff of the rewards of her work and other

26  related benefits of employment; failing to protect Plaintiff from retaliation by her superiors for

27  her need to take time off or to have reasonable accommodations for her medical condition;

28

refusing to reinstate Plaintiff; terminating Plaintiff's employment for taking medical leave, without good cause and/or for pretextual reasons, among other acts or failures to act.

112.    Defendant's stated reasons for terminating Plaintiff, if any, and their reasons for not giving Plaintiff another position are false and are pretexts for unlawful discrimination and retaliation and thus not credible.

113.    These actions by Defendant, and each of them, constitute outrageous and unlawful conduct and discrimination under the laws of the State of California and unlawful, outrageous, retaliatory conduct for complaints of discrimination; such outrageous unlawful discrimination and retaliation by Defendant, and each of them, was a substantial factor in causing damage and injury to Plaintiff.

114.    Pursuant to Government Code Section 12965(b) Plaintiff requests the award of reasonable attorneys' fees against Defendant, and each of them.

115.    Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition of liability to be imposed on Defendant, and each of them.  Should other employees be found to have participated in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability against those employees on the same basis.

116.    As a direct and consequential result of the herein alleged actions and/or failures to act by Defendant, and each of them, Plaintiff has suffered emotional damages of the type, nature, and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, according to proof at trial.

117.    Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendant and/or managerial agents of Defendant in whom Plaintiff placed her justified and good faith trust, and because said Defendant acted in a deliberate, malicious, cold, callous, deceptive, oppressive, and intentional manner in order to injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendant, and each of them, in an amount

deemed proper by this court.

118.   As a direct and consequential result of the acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer general damages and special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully set forth below.

**SEVENTH CAUSE OF ACTION:**
**BREACH OF IMPLIED AGREEMENT**

**(AGAINST DEFENDANT**
**and DOES One through Twenty-Five, inclusive)**

119.   Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs One through One Hundred-eighteen, inclusive, of this Complaint above as fully as though set forth at length herein.

120.   Prior to her termination, Defendant employed Plaintiff under a contract for employment that was partly written and partly oral and partly implied in fact and modified by certain policies, practices, procedures, assurances, and other understandings, both oral and written, made by Defendant directly and/or through their agents and employees.

121.   Representations made to Plaintiff regarding the terms and conditions of this employment include, but are not limited to, that Defendant had offered, and Plaintiff had accepted, a permanent, long-term, career position with compensation and other valuable benefits of employment in accordance with Defendant's policies and practices.  These representations were made to Plaintiff in writing and orally, and on various occasions prior to and during her employment.

122.   Plaintiff's compensation and benefits of employment included, but were not limited to, compensation, loyalty from the company and corresponding longevity, and other benefits in accordance with Defendant's actual and/or implied policies and practices so long as Plaintiff performed her jobs well for Defendant.

20

COMPLAINT FOR DAMAGES

123.    Also included in Plaintiff's employment agreement with Defendant was an express and/or implied understanding that certain policies and practices, including but not limited to personnel policies and practices, both written and verbal, and implied in fact, would apply to Plaintiff and would afford her various rights and protections in her employment.

124.    The above-alleged agreed-upon rights and protections Plaintiff understood to apply to her further include, but are not limited to, Defendant's personnel policies and practices and procedures whereby Plaintiff could seek assistance from Defendant's "human resources" department regarding personnel problems Plaintiff might experience with the assurance that Plaintiff would not suffer retaliation or oppression or other undesired response for Plaintiff's having sought such assistance; and that Defendant would take necessary steps to supervise their employees and to protect Plaintiff from any such retaliation, oppression, or other undesired reaction to Plaintiff's request for assistance.

125.    In addition to the above-alleged terms and conditions of Plaintiff's employment with Defendant were written assurances by Defendant that they acted fairly in employment matters. Such assurances include, but are not limited to, express representations that Defendant would act as an equal opportunity employer and would not discriminate in employment matters based upon unlawful criteria, such as disability and need for reasonable accommodation.

126.    Plaintiff relied upon the above-alleged representations and/or agreements, among others, with Defendant in continuing to confer the benefits of her labors upon Defendant in exchange for the benefits of the employment agreement. Plaintiff performed all conditions precedent to her entitlement to employment pursuant to the agreement alleged herein, except for those that are impossible or excused.

127.    Defendant breached the terms of their agreement with Plaintiff. Such breaches include, but are not limited to: altering the terms and conditions of Plaintiff's employment; failing to follow Defendant's own policies fairly and consistently including those policies that limit Defendant's ability to terminate Plaintiff's employment; discriminating against Plaintiff based on her disability and need for reasonable accommodation as described above; terminating

Plaintiff's employment in bad faith and without good cause; and terminating Plaintiff's employment with unjust, unfair, and unlawful motives.

128.    Defendant's actions constituting breach include, but are not limited to, failing to follow policies regarding internal personnel matters including, but not limited to, unfair and improper and unlawful treatment by their superiors; neglecting or otherwise failing to properly inform Plaintiff of her rights regarding medical leave and reasonable accommodation in order to ensure that Plaintiff did not unfairly and unreasonably lose her employment; refusing, neglecting or otherwise failing to protect Plaintiff from discrimination and retaliation by her superiors, and for Plaintiff's objections to Defendant's herein-alleged actions toward them, among other things.

129.    The above said acts, among others, of Defendant, and each of them, constituted a breach of Defendant's employment agreement with Plaintiff. Said breach was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

130.    As a direct and consequential result of Defendant's breaches, Plaintiff has suffered and will continue to suffer special damages, including loss of front pay and back pay, and other valuable employment benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against Defendant, and each of them, as set forth more fully below.

### EIGHTH CAUSE OF ACTION:
### BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

### (AGAINST DEFENDANT and
### DOES One through Twenty-Five, inclusive)

131.    Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs One through One Hundred-thirty one inclusive, of this Complaint above as fully as though set forth at length herein.

132.    Implied in the agreement alleged herein between Defendant and Plaintiff are mutual covenants between Defendant and Plaintiff as parties to the employment agreement. Said implied covenants require each party to act in good faith and deal fairly with the other party to

the agreement and to refrain from acting or failing to act in a way that deprives the other party of

the benefits they or it reasonably expected to obtain from the agreement.

133.    Plaintiff and Defendant had a special relationship in that Plaintiff was in a

vulnerable position as a disabled, older, long term employee in a highly competitive industry

who had already devoted much energy and effort to Defendant's profit and improvement.

Defendant held a superior position to Plaintiff both financially and by virtue of their authority

over Plaintiff's career and employment and this superiority rendered Plaintiff especially

vulnerable. Defendant knew or reasonably should have known of Plaintiff's vulnerability.

134.    Defendant, through their agents and/or employees, breached their obligations

under the implied covenant by, among other things, failing to abide by its above-alleged

agreement and by acting unreasonably, unfairly, in bad faith, with deceit and pretense, and

unlawfully in such a way as to deny Plaintiff the benefits she reasonably expected and

anticipated from the employment agreement with Defendant. Said breach by Defendant, and

each of them, includes, but was not limited to: refusing to providing Plaintiff with reasonable

accommodation and with reasonable notice regarding the expiration of her rights to have

reasonable accommodation in order for Plaintiff not to unjustly and unreasonably lose her

employment; permitting Defendants' supervisory and managing agents to retaliate against

Plaintiff for needing reasonable accommodation; terminating Plaintiff by acting in bad faith and

without reasonable grounds; breaching Defendant's actual and/or implied policies and

contractual obligations; taking adverse employment action against Plaintiff on the basis of her

disability and need for reasonable accommodation, thereby violating Plaintiff's civil rights and

causing her harm; defeating Plaintiff's efforts to succeed in her job; and terminating Plaintiff's

employment in bad faith and without just cause, along with other acts as shall be proved at trial.

135.    At all times relevant to this count, Plaintiff upheld her obligations under the

agreements and her implied covenants by acting fairly, and reasonably and in good faith to

ensure that Defendant would enjoy the benefit of their agreement with Plaintiff, except where

impossible, excused or unlawful.

136.    The above said acts, among others, of Defendant, and each of them, constituted a breach of the implied covenant of good faith and fair dealing within Plaintiff's employment agreement with Defendant.  Said breach was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

137.    As a direct and consequential result of Defendant's breaches, Plaintiff has suffered and will continue to suffer special damages, including loss of front pay and back pay, and other valuable employment benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against Defendant, and each of them, as set forth more fully below.

**NINTH CAUSE OF ACTION:**
**FAILURE TO PAY COMPENSATION AT THE TIME OF**
**TERMINATION OR RESIGNATION**
**IN VIOLATION OF CALIFORNIA LABOR CODE §§ 201 THROUGH 203**

**(AGAINST DEFENDANT and**
**DOES One through Twenty-Five, inclusive)**

138.    Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs One through One Hundred-thirty-seven one inclusive, of this Complaint above as fully as though set forth at length herein.

139.    California Labor Code section 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.

140.    California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code §201, the employer is liable to the employee for penalties.

141.    Defendant willfully failed to pay Plaintiff the compensation and wages owed to Plaintiff at the time Defendant's terminated Plaintiff's employment.

142.    Defendant willfully failed to pay Plaintiff compensation upon her termination of employment as required pursuant to California Labor Code §210.

143.    As a result, Defendant is liable to Plaintiff for waiting-time penalties as set forth

1   pursuant to California Labor Code §203.

2       WHEREFORE, Plaintiff prays judgment against Defendant, and each of them, as set

3   forth more fully below.

4

5                          **PRAYER FOR RELIEF**

6   1.   For Plaintiff, all actual, consequential and incidental losses including, but not limited to,

7        loss of income and benefits and front-pay and benefits, back pay, according to proof,

8        together with prejudgment interest;

9   2.   For Plaintiff, general damages according to proof;

10  3.   For Waiting Time Penalties, as provided for by statute;

11  4.   For Plaintiff, punitive damages against defendant in an amount deemed proper by this

12       court;

13  5.   For attorneys fees pursuant to statutes;

14  6.   For costs of suit; and

15  7.   For such other and further relief as this Court deems proper.

16  DATED:   June 7, 2007

17

18                              Karine Bohbot
                                Attorney for Plaintiff
19                              Susan C. Morales

20       Plaintiff, SUSAN C. MORALES, hereby requests a trial by jury in this matter.

21  DATED:   June 7, 2007

22

23                              Karine Bohbot
                                Attorney for Plaintiff
24                              Susan C. Morales

25

26

27

28

                                    25

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Karine Bohbot, Esq.          197298
BOHBOT & RILES, LLP
2201 Broadway, Suite 823
Oakland, CA 94607

TELEPHONE NO.: (510) 273-3111     FAX NO.(Optional): (510) 273-8911
E-MAIL ADDRESS (Optional): kbohbot@strikebacklaw.com
ATTORNEY FOR (Name): Plaintiff, Susan C. Morales

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara

STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Unlimited Jurisdiction

PLAINTIFF/PETITIONER: SUSAN C. MORALES

DEFENDANT/RESPONDENT: LOCKHEED MARTIN CORPORATION, and
                DOES 1 through 25, inclusive

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

| | |
|---|---|
| FOR COURT USE ONLY | |

CASE NUMBER:
107CV087461

TO (insert name of party being served): Lockheed Martin Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 8, 2007

Karine Bohbot, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

☒ A copy of the summons and of the complaint.
☒ Other (specify):
     Civil Lawsuit Notice (with date of initial CMC); ADR Information Sheet

(To be completed by recipient):

Date this form is signed:

6/25/07
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
Martin Dean's Essential Forms ™

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT C

PLD-050

TORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, ...d address):*
MICHELLE B. HEVERLY, SBN 178660 / TODD K. BOYER, SBN 203132
LITTLER MENDELSON, A  Professional Corporation
50 W. San Fernando Street, 14th Floor          Phone:   408.998.4150
San Jose, CA 95113-2431                        Fax:     408.288.5686

TORNEY FOR *(Name):*  LOCKHEED MARTIN CORPORATION

NAME OF COURT:  Superior Court of California, County of Santa Clara
STREET ADDRESS:  191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Jose, CA 95113
BRANCH NAME:

FOR COURT USE ONLY

ENDORSED FILED

JUL -2 07

SUPERIOR COURT OF CA.
SANTA CLARA

A. Ilas    DEPUTY

PLAINTIFF:  SUSAN C. MORALES

DEFENDANT:  LOCKHEED MARTIN CORPORATION, et al.

GENERAL DENIAL

CASE NUMBER:
107CV087461

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
. The complaint is not verified, OR
:. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

DEFENDANT *(name):*  LOCKHEED MARTIN CORPORATION
generally denies each and every allegation of plaintiff's complaint.

☒    DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*

**SEE ATTACHED AFFIRMATIVE DEFENSES**

te:   July 2, 2007

TODD K. BOYER
(TYPE OR PRINT NAME)                                        (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Page 1 of 2

n Adopted for Mandatory Use
dicial Council of California
-050 [Rev. January 1, 2007]

GENERAL DENIAL

Code Civ. Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## AFFIRMATIVE DEFENSES

Defendant LOCKHEED MARTIN CORPORATION states the following facts as separate affirmative defenses to Plaintiff's Complaint:

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiff's Complaint fails to allege facts sufficient to constitute any cause of action or to set forth a claim upon which relief can be granted.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiff's claims are barred by the applicable statutes of limitations, including California Code of Civil Procedure sections 335, 338, 340, *et seq.*, California Government Code sections 12960 and 12965(b), and Labor Code section 203.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiff is barred in equity from recovering on her Complaint, or on any claim contained therein, under the doctrine of unclean hands.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against Defendant on any purported claims for relief contained in the Complaint.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That all damages Plaintiff has suffered are wholly or in part the result of her own actions, or the actions of other parties, not the answering Defendant.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

That Plaintiff could have, through diligence, found other employment and taken other action which would have mitigated her damages, and she had an affirmative duty to do so, which

IENDELSON
AL CORPORATION
fernando Street
Floor
A. 95113.2303
08.4150

1  was breached by her failure to find other employment and take other action upon the cessation of her

2  employment with Defendant.

3       AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

4  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

5       That to the extent during the course of this litigation Defendant acquires any evidence

6  of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and

7  conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

8  disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

9  damages or shall reduce such claim or damages as provided by law.

10      AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

11  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

12      That Plaintiff has failed to exhaust her administrative remedies, the exhaustion of

13  which is a condition precedent to the maintenance of her claims.

14      AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

15  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

16      That all employment actions taken by Defendant were made without malice, in good

17  faith and for legitimate, nondiscriminatory business reasons.

18      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

19  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

20      That each and every act done by Defendant with regard to, or in any way related to,

21  Plaintiff's employment with Defendant was required by business necessity and was privileged as a

22  good faith assertion of Defendant's legal and contractual rights.

23      AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

24  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

25      That at all times relevant, Defendant promulgated an anti-discrimination policy and

26  complaint procedure which was communicated to Plaintiff, and about which Plaintiff received

27  training, and Defendant otherwise exercised reasonable care to prevent and correct promptly any

28  inappropriate conduct. Plaintiff unreasonably failed to take advantage of the established compliant

ΛENDELSON
IAL CORPORATION
Fernando Street
1 Floor
A  95113.2303
108.4150

Firmwide:82675865.1 051728.1003                    2.                    Case No. 107CV087461

AFFIRMATIVE DEFENSES

1  procedures, failed to take advantage of other preventative or correction opportunities provided by

2  Defendant, and otherwise failed to avoid harm.

3        AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

4  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

5        That the Court's jurisdiction over the subject matter of the causes of action is

6  preempted by the exclusive remedy provisions of the California Workers' Compensation Act,

7  California Labor Code section 3200, *et seq.*, because Plaintiff's alleged injuries arose as a result of

8  her alleged employment.

9        AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

10  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

11        That Plaintiff, by her own acts and omissions, has waived any purported claims for

12  relief contained in the Complaint.

13        AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

14  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

15        That Plaintiff is barred by the doctrine of laches from pursuing each and every cause

16  of action in the Complaint.

17        AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

18  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

19        Plaintiff is not entitled to recover punitive or exemplary damages as prayed for in the

20  Complaint on the grounds that any award of punitive damages or exemplary damages under

21  California law in general and/or as applied to the facts of this case would violate Defendant's

22  constitutional rights under provisions of the United States and California Constitutions, including,

23  but not limited to, the Equal Protection and Due Process Clauses of the Fifth and Fourteenth

24  Amendments, the Excessive Fines and Cruel and Unusual Punishment Clauses of the Eighth

25  Amendment and Article I, Sections 7 and 17, and Article IV, Section 16 of the California

26  Constitution.

27  * * *

28  * * *

MENDELSON
ional Corporation
Fernando Street
t Floor
A 95113.2303
98.4150

Firmwide:82675865.1 051728.1003       3.       Case No. 107CV087461

**AFFIRMATIVE DEFENSES**

1    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2 AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege:

3    That Plaintiff lacks a private right of action to bring his claims in court for penalties

4 pursuant to California Labor Code section 226.7.

5    AS AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6 AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege:

7    That the Complaint fails to state a claim for attorneys' fees under Labor Code section

8 1194, Code of Civil Procedure section 1021.5, or any other basis.

9    Defendant has not yet completed a thorough investigation and study or completed

10 discovery of all facts and circumstances of the subject matter of the Complaint and, accordingly,

11 reserves its right to amend, modify, revise or supplement its Answer, and to plead such further

12 defenses and take such further actions as it may deem proper and necessary in its defense upon the

13 completion of said investigation and study.

14    WHEREFORE, Defendant prays judgment against Plaintiff as follows:

15    1.    For an order dismissing Plaintiff's claims with prejudice, and entering

16 judgment in favor of Defendant and against Plaintiff;

17    2.    For all reasonable costs and attorneys' fees incurred by Defendant in

18 connection with the defense of this matter; and

19    3.    For such other and further relief as the Court in the exercise of its discretion

20 deems just and proper.

21

22 Dated:  July 2, 2007

23                                MICHELLE B. HEVERLY
                                TODD K. BOYER
24                                LITTLER MENDELSON
                                A Professional Corporation
25                                Attorneys for Defendant
                                LOCKHEED MARTIN CORPORATION
26

27

28

MENDELSON
*AL CORPORATION
· Fernando Street
th Floor
CA 95113.2303
990.4150

Firmwide:82675865.1 051728.1003                    4.                    Case No. 107CV087461
AFFIRMATIVE DEFENSES

PLD-050

| PLAINTIFF (name): SUSAN C. MORALES | CASE NUMBER: |
|---|---|
| DEFENDANT (name): LOCKHEED MARTIN CORPORATION, et al. | 107CV087461 |

## PROOF OF SERVICE

☐ **Personal Service**  ☒ **Mail**

ENDORSED

JUL -2 07

SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY_____ DEPUTY

> A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
> (1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
> **OR**
> (2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.
> Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

. At the time of service I was at least 18 years of age and **not a party to this legal action.**

. I served a copy of the General Denial as follows (check either a or b):

  a. ☐   **Personal service.** I personally delivered the General Denial as follows:
    (1)  Name of person served:
    (2)  Address where served:

    (3)  Date served:
    (4)  Time served:

  b. ☒   **Mail.** I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
    (1)  Name of person served:    Karine Bohbot
    (2)  Address:          Bohbot & Riles
                       2201 Broadway, Suite 823
                       Oakland, CA 94612

    (3)  Date of mailing:  07/02/07
    (4)  Place of mailing (city and state):  San Jose, CA
    (5)  I am a resident of or employed in the county where the General Denial was mailed.

  c.   My residence or business address is (specify):    50 W. San Fernando Street, 14th Floor
                                           San Jose, CA 95113-2431

  d.   My phone number is (specify):  (408) 998-4150

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 2, 2007

DIANNE E. LEE
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)

▶ _Dianne E. Lee_
(SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)

irmwide:82675337.1 051728.1003

LD-050 [Rev. January 1, 2007]

## GENERAL DENIAL
(Proof of Service)

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail:  mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail:  tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
5  Telephone:    408.998.4150
   Facsimile:    408.288.5686
6
7  Attorneys for Defendant
   LOCKHEED MARTIN CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12  SUSAN C. MORALES,                    Case No.  C07 03480 PVT  [E-Filing]

13              Plaintiff,               **PROOF OF SERVICE**

14       v.

15  LOCKHEED MARTIN CORPORATION,
    and DOES 1 through 25, inclusive,
16
                Defendants.
17

18

19          I am a resident of the State of California, over the age of eighteen years, and not a

20  party to the within action.  My business address is 50 West San Fernando Street, 14th Floor, San

21  Jose, California 95113.2303.  On July 3, 2007, I served the within document(s):

22      **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
        ACTION FROM STATE COURT**
23
        **CERTIFICATION AND NOTICE OF INTERESTED PARTIES**
24
25  ☒   by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
26      thereon fully prepaid for deposit in the United States mail at San Jose, California
        addressed as set forth below.
27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:82735339.1 051728.1003                1.                    Case No. C07 03480 PVT
                                        **PROOF OF SERVICE**

1

*Attorneys for Plaintiff – Susan C. Morales*

2

Karine Bohbot                    Phone:  (510) 273-3111
Bohbot & Riles LLP               Fax:     (510) 273-8911
2202 Broadway, Suite 823         Email:  kbohbot@strikebacklaw.com
Oakland, CA  94612-3024

3

4

5

        I am readily familiar with the firm's practice of collection and processing

6

correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

7

would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

8

deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

9

thereon fully prepaid in the ordinary course of business.

10

        I declare that I am employed in the office of a member of the bar of this court at

11

whose direction the service was made.  Executed on July 3, 2007, at San Jose, California.

12

13

14

                                        _____
                                                    Dianne E. Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2300
408.998.4150

Firmwide:82735339.1 051728.1003                2.                Case No. C07 03480 PVT
                                    **PROOF OF SERVICE**