MICHELLE B. HEVERLY, Bar No. 178660
E-Mail: mheverly@littler.com
ANNE-MARIE WAGGONER, Bar no. 173407
E-Mail: awaggoner@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone:    408.998.4150
Facsimile:    408.288.5686

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

KARINE BOHBOT
E-mail: kbohbot@strikebacklaw.com
BOHBOT & RILES, LLP
2201 Broadway, Suite 823
Oakland, California 94612
Telephone:    (510) 273-3111
Fax:          (510) 273-8911

Attorneys for Plaintiff
SUSAN C. MORALES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN C. MORALES,<br><br>         Plaintiff,<br><br>    v.<br><br>LOCKHEED MARTIN CORPORATION, and DOES 1 through 25, inclusive,<br><br>         Defendants. | Case No. C07 03480 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: October 12, 2007<br>Time: 10:30 a.m.<br>Courtroom 5<br>The Honorable Jeremy Fogel |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Defendant Lockheed Martin Corporation and Plaintiff Susan Morales hereby file this Case Management Conference Statement and request the Court to adopt it as its Case Management Order in this case.

Defendant Lockheed Martin Corporation ("Defendant") is represented by Michelle B. Heverly and Anne-Marie Waggoner, both of Littler Mendelson, PC. Plaintiff Susan Morales

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

1.

Case No. C07 03480 JF

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

("Plaintiff") is represented by Karine Bohbot of Bohbot & Riles, LLP.

A.   **Jurisdiction and Service**

Plaintiff filed this matter in the Santa Clara County Superior Court on June 7, 2007. Defendant's counsel agreed to accept service on Defendant's behalf and executed a Notice and Acknowledgement of Receipt on June 25, 2007, and returned it to Plaintiff's counsel. On July 2, 2007, Defendant first filed a General Denial in Santa Clara County Superior Court pursuant to California Code of Civil Procedure section 431.30, and thereafter timely removed the case to this Court on the basis of diversity jurisdiction.

B.   **Facts**

In her Complaint, Plaintiff claims that she was wrongfully terminated and discriminated against in connection with her employment with Defendant on the basis of her alleged physical disability, that Defendant failed to accommodate her alleged disability, and that Defendant failed to timely pay Plaintiff compensation due her at the time she was terminated, in violation of California Labor Code §§ 201 – 203. Defendant denies Plaintiff's allegations and contends that it extended Plaintiff reasonable accommodations due to her alleged disability and that Plaintiff was properly terminated.

C.   **Factual And Legal Issues in Dispute**

1.   Whether Plaintiff was employed by Defendant pursuant to an employment agreement requiring anything other than at-will employment, and if so, what the terms were of the alleged agreement.

2.   Whether Defendant agreed that it would not terminate Plaintiff unless good cause existed.

3.   Whether Defendant's actions, including the termination of Plaintiff, breached the alleged employment agreement between it and Plaintiff.

4.   Whether Plaintiff suffered damages as a result of any breach of the alleged employment agreement.

5.   Whether Plaintiff is a qualified person with a disability.

6.   Whether Plaintiff engaged in any protected activity, and if so, whether Defendant retaliated against Plaintiff because she engaged in that protected activity.

7.   Whether Defendant discriminated against Plaintiff on the basis of her alleged disability.

8. Whether Defendant caused Plaintiff damages by terminating her employment or whether any damages suffered by Plaintiff were because of her own misconduct.

9. Whether Plaintiff engaged in misconduct warranting termination during her employment with Lockheed Martin Corporation.

10. Whether Defendant failed to provide Plaintiff with reasonable accommodation for her alleged disability.

11. Whether Defendant violated Labor Code §§ 201 through 203 after Plaintiff's employment was terminated.

**D.     Motions**

The parties have filed no motions and there are no motions pending before this Court. Defendant intends to file a Motion for Summary Judgment once discovery is completed.

**E.     Amendment of Pleadings**

The parties do not intend to amend their pleadings, however, if a party needs to amend, the parties request a deadline of November 1, 2007.

**F.     Evidence Preservation**

Defendant has preserved evidence, in electronic or other form, that it reasonably and in good faith believes may be relevant to the issues reasonably evident in this action.

**G.     Disclosures**

Pre-Discovery Disclosures: During the FRCP 26(f) conference, counsel for the parties agreed to exchange the initial disclosures required pursuant to FRCP 26(a)(1) by e-mail and facsimile and/or mail on Friday, September 28, 2007. Defendant served its initial disclosures by e-mail and mail on Friday, September 28, 2007. Plaintiff served her initial disclosures on that date by mail, only, and Defendant received them on Monday, October 1, 2007. Defendant reserves all of its rights with respect to manner of service of Plaintiff's initial disclosures.

**H.     Discovery**

The parties propose to the court the following discovery plan:

1.     **Plaintiff's Discovery Plan.**  Plaintiff will be conducting discovery on the issues of Defendant's medical leave policies, including what is considered reasonable accommodations and the procedures for returning an employee to work who has taken leave of

absence for a disability or medical condition, the circumstances surrounding Plaintiff's medical leave and the circumstances surrounding Plaintiff's termination from employment. Plaintiff reserves the right to conduct discovery on other or additional subject matters as the need may arise.

    2. **Defendant's Discovery Plan.** Defendant believes that discovery will be needed on the following general subjects (Defendant reserves the right to conduct discovery on other or additional subjects as the need arises):

        a.    Plaintiff's job performance.

        b.    Plaintiff's alleged disability.

        c.    The circumstances surrounding Plaintiff's leaves of absence for her alleged disability.

        d.    Plaintiff's medical care and treatment for her alleged disability.

        e.    Plaintiff's mitigation efforts.

        f.    All issues raised in Defendant's answer and affirmative defenses.

    3.    Maximum of five (5) depositions by Plaintiff and five (5) by Defendant, not including any retained expert witnesses.

    4.    Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties or order of the Court. Defendant anticipates that it may need more than seven (7) hours to complete the deposition of Plaintiff, and requests that the Court grant additional time. Defendant also reserves the right to request in excess of seven (7) hours to complete the deposition of any other witness, if necessary.

Plaintiff does not believe that Plaintiff's deposition requires more than seven (7) hours to complete, in light of the issues in this case, and objects to Defendant's request for additional time from this Court. Plaintiff does not believe she will require more than the permitted seven (7) hours to complete the depositions of witnesses she intends to take in this matter, but reserves the right to request time in excess of the seven (7) hours should that be required.

    I.    **Electronic Discovery**

The parties will produce all electronically stored information in paper form unless the parties agree or the Court orders otherwise.

**J.    Class Action**

This case is not a class action.

**K.    Related Cases**

There are no related cases.

**L.    Relief**

Plaintiff seeks back pay, front pay, emotional distress damages, attorney's fees and exemplary damages.

**M.    Settlement – Alternative Dispute Resolution**

Prior to Plaintiff filing this lawsuit, the parties engaged in limited settlement discussions, without success.

The parties have agreed to participate in Court-sponsored mediation and submitted their joint "ADR Certification by Parties and Counsel and Stipulation and Proposed Order Selecting ADR Process," to the Court on September 27, 2007.

**N.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to assignment of this case to a Magistrate Judge for trial.

**O.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**P.    Narrowing of Issues**

The issues in this case cannot be narrowed by agreement. The parties will meet and confer prior to trial to attempt to expedite the admission of evidence through stipulation.

**Q.    Expedited Schedule**

The parties do not believe this case is suitable for an expedited schedule.

**R.    Scheduling**

Defendant requests the following case schedule:

| | |
|---|---|
| 04/01/08 - | All non-expert discovery shall cut off. |
| 04/15/08- | Disclosure and production of initial reports from retained experts for the parties under FRCP 26(a)(2) are to be served. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

5.    Case No. C07 03480 JF
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| 04/29/08 - | Supplementary expert disclosure and reports to be served. |
| 05/14/08- | Expert discovery shall cut-off. |
| 05/28/08 - | All dispositive motions shall be filed. |
| 07/28/08 - | Trial to begin. |

**S.    Trial**

The parties estimate the length of trial to be seven to ten (7-10) days.

**T.    Disclosure of Non-Party Interested Entities or Persons**

Defendant has filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendant restates that it is not aware of any persons or entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated:    October 5, 2007

/s/ *Karine Bohbot*
KARINE BOHBOT
BOHBOT & RILES, LLP
Attorneys for Plaintiff
SUSAN MORALES

Dated:    October 5, 2007

/s/ *Anne-Marie Waggoner*
MICHELLE B. HEVERLY
ANNE-MARIE WAGGONER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

6.                                Case No. C07 03480 JF
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## DECLARATION OF COUNSEL REGARDING SIGNATORIES' CONCURRENCE WITH THE ELECTRONIC FILING OF THIS DOCUMENT

I, Anne-Marie Waggoner, hereby declare and state as follows:

1. I am an attorney licensed to practice in the courts of the State of California and the U.S. District Court for the Northern District of California. I am Of Counsel with the law firm of Littler Mendelson, A Professional Corporation, and counsel of record for Defendant Lockheed Martin Corporation.

2. In accordance with U.S. District Court for the Northern District of California, General Order No. 45, I have obtained the concurrence for the filing of this document from each of the other signatories hereto. Littler Mendelson will maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I hereby declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this Declaration was executed on October 5, 2007, at San Jose, California.

/s/ *Anne-Marie Waggoner*
ANNE-MARIE WAGGONER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

7.   Case No. C07 03480 JF
JOINT CASE MANAGEMENT CONFERENCE STATEMENT